

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2003

# USA v. Herrera

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1628

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Herrera" (2003). *2003 Decisions*. Paper 189.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/189

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 02-1628

———————

UNITED STATES OF AMERICA

v.

FLOR HERRERA,
                              Appellant

———————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 01-cr-00030-3)
District Judge:  Honorable Harvey Bartle, III

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2003

BEFORE:  SLOVITER, ROTH and STAPLETON, Circuit Judges

(Opinion Filed:  October 24, 2003)

———————

OPINION OF THE COURT

———————

STAPLETON, <u>Circuit Judge</u>:

Appellant Flor Herrera pled guilty to four drug offenses. He was given a concurrent sentence on all counts of 96 months of incarceration and six years of supervised release.

Following the filing of the notice of appeal, defense counsel filed a motion to withdraw as counsel and a brief in support of this motion pursuant to the decision in *Anders v. California*, 386 U.S. 738 (1967). Through these submissions, we are advised that "there is no non-frivolous issue that can be raised on [Herrera's] behalf. . . ." Herrera was provided with a copy of the motion and the brief and was given an opportunity to file a *pro se* brief. He did not avail himself of this opportunity.

In accordance with the mandate established in *Anders*, we have conducted an independent examination of the record before us in order to determine whether it presents any non-frivolous issue. Because we conclude that it does not, we will affirm the judgment of the District Court. We will also grant defense counsel's motion to withdraw.

In his *Anders* brief, counsel identifies three issues as arguably non-frivolous: (1) whether there was insufficient evidence to support the conviction; (2) whether appellant's plea was knowing, intelligent, and voluntary; and (3) whether the sentence was improper.[1]

---

[1]Without saying whether Herrera wished to raise the issue, or whether there is any basis for it, counsel noted that he was trial counsel and could not raise his own

On the basis of our review, we are satisfied that all three of these issues are without merit. The government's evidence established beyond peradventure that Herrera was a member of a conspiracy that sold bulk quantities of drugs from July of 2000 until January of 2001. That evidence consisted of tapes and purchases by undercover agents and cooperating witnesses. Also, a search conducted pursuant to a valid warrant resulted in the seizure of 13.5 grams of heroin and 119.4 grams of crack cocaine, which could be linked to appellant.

The transcript of the plea hearing shows that the Court meticulously reviewed with the defendant his rights, the nature and extent of the rights that he was waiving, his satisfaction with his attorney, the potential penalties he faced, the evidence the government had against him, and the nature of the sentencing guideline calculations in his case. Herrera's plea was clearly knowing, intelligent, and voluntary.

With respect to sentencing, the probation office adopted the stipulations of the parties, and the Court adopted the findings of the probation office. The calculation of the Guidelines range was in accordance with those guidelines. The Court granted the government's motions to depart from the statutory minimum sentence and departed downward from the Sentencing Guidelines. The District Court imposed a sentence that was 72 months less than the minimum of the applicable range and was two years less than the mandatory minimum sentence. There thus is no non-frivolous basis to argue that the

ineffectiveness as a basis for appeal.

sentence was illegal.

The judgment of the District Court will be affirmed. Counsel's motion to withdraw will be granted.

TO THE CLERK:

Please file the foregoing Not Precedential Opinion.


/s/ Walter K. Stapleton

_____

Circuit Judge